UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

_____

HUGO CONTRERAS CEBALLO,

                Plaintiff,

      v.

SUNCOAST CREDIT UNION, EQUIFAX
INFORMATION SERVICES,
LLC,EXPERIAN INFORMATION
SOLUTIONS INC and TRANS UNION, LLC

            Defendants.

Case No. _____

**COMPLAINT AND
JURY TRIAL DEMAND**

COMES NOW the Plaintiff Hugo Contreras Ceballo, by and through undersigned counsel, sues Suncoast Credit Union ("Suncoast"), Equifax Information Services, LLC ("EQU"), Experian Information Solutions, Inc. ("EXP") and Trans Union, LLC ("TU"), and Plaintiff alleges as follows:

## JURISDICTION & VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. 1331. Venue in this District is proper in that the Defendants transact business in Hillsborough County, Florida, and the conduct complained of occurred in Hillsborough County, Florida.

## PARTIES TO THIS ACTION

1

2.     Plaintiff Hugo Contreras Ceballo is a consumer as defined by 15 U.S.C. § 1681a(c).

3.     Suncoast is a lender and/or creditor that furnishes credit information about their account holders to the credit reporting agencies.

4.     Defendants EQU, EXP and TU prepare and publish reports on consumers and are consumer reporting agencies ("CRAs" or "CRA Defendants")) as defined by 15 U.S.C. § 1681a(f).

FACTUAL ALLEGATIONS

5.     Plaintiff previously obtained an auto loan from Suncoast that subsequently went into default and was thereafter charged off by Suncoast.

6.     Suncoast then filed suit against Plaintiff in Hillsborough County, Florida for the outstanding principal balance on the loan.

7.     Plaintiff and Suncoast entered into a settlement agreement which stipulated that Plaintiff would make monthly payments of $250.00.

8.     Since entering into the settlement agreement, Plaintiff has consistently made the required monthly payments to Suncoast pursuant to the repayment plan.

9.     Despite Plaintiff's compliance with the repayment plan, Defendants have violated the FCRA by continuing to report inaccurate, incomplete and misleading information.

2

10. Specifically, Suncoast is reporting to the CRAs that Plaintiff defaulted on the auto loan and that it was ultimately charged off.

11. Suncoast's reporting is inaccurate, incomplete, and misleading because Suncoast is not reporting that the status of the account has changed.

12. Specifically, the account is no longer uncollectible, a new payment plan has been created, and Plaintiff has consistently made payments pursuant to the new payment plan for months.

13. Notwithstanding the payment plan and Plaintiff's consistent monthly payment for several months, Suncoast has failed to update the account status it reports to the CRA's to reflect that the account is subject to a repayment plan and is receiving ongoing payments.

14. When Suncoast reports Plaintiff's account to the CRAs, Suncoast reports, among other things, the current status of the account and the account's payment history.

15. With respect to the current status of the account, Suncoast reported that there had been no changes to the account and that the account remained in charge-off status.

16. A charge-off is considered an uncollectible debt by the CRAs and third parties that receive consumer reports from the CRAs.

17.    Suncoast's reporting is inaccurate because the current status of the account fails to reflect that the account is collectible and receiving timely payments pursuant to a payment plan.

18.    Regarding Plaintiff's payment history, Suncoast is reporting to the CRA's that no payments have been made on the account since it was charged off several years ago.

19.    As a result, third parties who obtain Plaintiff's consumer report are misled into believing that Plaintiff has made no payments on the Suncoast account since the account was defaulted on.

20.    On March 24, 2026, Plaintiff disputed the account with Suncoast through the CRAs.

21.    Suncoast received Plaintiff's dispute from the CRAs by the way of an Automated Consumer Dispute Verification ("ACDV") form that the CRAs forwarded to Suncoast.

22.    When Suncoast received Plaintiff's dispute, it processed the dispute by reviewing the information contained in the CRA's files to determine whether it matched the information Suncoast previously submitted to the CRAs.

23.    In other words, Suncoast did a less than cursory investigation that merely rubber-stamped its earlier submissions to the CRAs.

24.    In response to Plaintiff's dispute, Suncoast failed to perform a reasonable investigation and failed to correct the inaccuracies.

25.    Although Suncoast's investigation did not meet the standard of a reasonable investigation, Suncoast informed the CRAs that it had investigated the dispute and verified the accuracy of the disputed information.

26.    The CRAs merely transcribed Plaintiff's dispute into an electronic dispute form and forwarded that form to Suncoast for it to investigate.

27.    In complete abdication of their duties under the FCRA, the CRAs relied exclusively on Suncoast's investigation of Plaintiff's dispute and conducted no independent investigation of their own.

28.    The CRAs blindly accepted Suncoast's investigation results and continued publishing credit reports containing, among other inaccuracies, the inaccurately reported Suncoast account.

29.    The CRAs did not investigate Plaintiff's dispute.

30.    Instead of conducting an investigation of Plaintiff's dispute, the CRA's forwarded the dispute to Suncoast and waited for Suncoast to respond.

31.    Suncoast conveyed its dispute results to the CRAs, and the CRA's accepted those results without considering the merits of Plaintiff's dispute.

32.     The Sixth Circuit Court of Appeals has made clear that a consumer report is inaccurate if it fails to disclose that a consumer is current on a payment

plan. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 639 (6th Cir. 2018). Similarly, the Seventh Circuit Court of Appeals held that a consumer report may be inaccurate where it reports an account in a manner suggesting delinquency without reflecting that the consumer was current under a payment plan. *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800, 814 (7th Cir 2023). Both *Chaitoff* and *Pittman* provided guidance to CRAs and furnishers because the FCRA's accuracy standard applies equally to both.

33.    In 2007, the Supreme Court held that a defendant's interpretation of the FCRA is evaluated based on whether it was objectively reasonable in light of the statutory text and any guidance from the courts of appeals or the Federal Trade Commission; where such guidance exists and contradicts the defendant's interpretation, the defendant's reading may be objectively unreasonable, exposing the defendant to liability for a willful violation. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

34.    Despite the guidance provided in *Pittman* and *Chaitoff*, Defendants have adopted an interpretation of the FCRA under which they are not required to report the existence of a payment plan.

35.    In addition to the Suncoast tradeline, the CRAs reported numerous other inaccurate accounts, including accounts that were obsolete, contained contradictory information, reflected inaccurate and inflated balances, omitted

6

positive payment history, failed to report the date of first delinquency, and contained incomplete account numbers.

36.    Even after receiving Plaintiff's dispute of the account, the CRAs continued reporting the inaccurate information.

37.    The CRAs' failure to correct the inaccuracies was the result of their failure to conduct a reasonable investigation of Plaintiff's dispute, and those inaccuracies were included in the consumer reports that the CRAs sold to third parties requesting information about Plaintiff.

38.    The CRAs have sold several consumer reports regarding Plaintiff's credit profile to third parties, and those consumer reports contained numerous inaccuracies that misled those third parties into viewing Plaintiff as a greater credit risk than Plaintiff actually was.

39.    Consequently, Plaintiff does not qualify for certain credit that Plaintiff desires and needs.

COUNT I – Violation of 15 U.S.C.§ 1681e(b)
Against Equifax, Trans Union, and Experian

40.    Plaintiff realleges and incorporates all other factual allegations set forth herein.

41.    The CRAs violated 15 U.S.C.§ 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of

Plaintiff's credit reports and credit files that they maintained and published to third parties.

42.    The CRAs have not implemented reasonable procedures because they prioritize making substantial profits over complying with their duties under the FCRA.

43.    The CRAs have performed a cost-benefit analysis of complying with the FCRA and determined that implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

44.    The CRAs have intentionally adopted incorrect interpretations of the FCRA in developing their policies and procedures because they have concluded that compliance with the FCRA would be too costly to their profit objections.

45.    The CRAs have ignored the opinions and holdings of the Circuit Courts of Appeals because adhering to those decisions would reduce their profits.

46.    The CRAs are among the most profitable companies in the United States, if not the world.

47.    The CRAs have sufficient financial resources to budget and allocate adequate personnel and resources to ensure compliance with their statutory duties under the FCRA.

48.    The CRAs' actions were intentional or reckless, either of which constitutes a willful violation of the FCRA, rendering the CRAs liable pursuant to 15 U.S.C. § 1681n.

49.    Alternatively, the CRAs were negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

50.    As a result of CRAs' violations, Plaintiff has suffered actual damages, including, but not limited to, pecuniary expenses and costs, damage to Plaintiff's credit profile and financial reputation, lost credit opportunities, emotional distress and physical illness.

51.    Plaintiff is entitled to recover actual damages, statutory damages, attorney's fees and costs from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II – Violation of 15 U.S.C.§ 1681i
### Against Equifax, Trans Union, and Experian

52.    Plaintiff re-alleges and incorporates all other factual allegations set forth herein.

9

53. The CRAs violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Plaintiff's disputes.

54. The CRAs violated 15 U.S.C. § 1681i by failing to provide proper and sufficient notice of Plaintiff's disputes to the furnishers of the disputed information.

55. The CRAs violated 15 U.S.C. § 1681i by failing to review and consider all relevant information that they received from Plaintiff's disputes.

56. The CRAs violated 15 U.S.C. § 1681i by failing to delete or modify disputed information that was found to be inaccurate, incomplete, or unverifiable.

57. The CRAs violated 15 U.S.C. § 1681i by failing to clearly identify disputed accounts as disputed by Plaintiff and by omitting Plaintiff's statement of dispute.

58. The CRAs' failure to comply with 15 U.S.C. § 1681i resulted from their decision to prioritize substantial profits over compliance with their duties under the FCRA.

59. Consequently, the CRAs have implemented policies and procedures that are inadequate to comply with their duties under the FCRA.

60. The CRAs have performed a cost-benefit analysis of complying with the FCRA and determined that implementing policies and procedures that

comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

61. The CRAs have intentionally adopted incorrect interpretations of the FCRA in developing their policies and procedures because they have determined that compliance with the FCRA would be too costly to their profit objectives.

62. The CRAs have ignored the opinions and holdings of the Circuit Courts of Appeals because the CRAs would lose profits if they adhered to those opinions and holdings.

63. The CRAs' actions were intentional or reckless, either of which constitutes a willful violation of the FCRA, rendering the CRAs liable under 15 U.S.C. § 1681n.

64. Alternatively, the CRAs were negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

65. As a result of CRAs' violations, Plaintiff has suffered actual damages, including, but not limited to, pecuniary expenses and costs, damage to Plaintiff's credit profile and financial reputation, lost credit opportunities, emotional distress, and physical illness.

66.     Plaintiff is entitled to recover actual damages, statutory damages, attorney's fees and costs from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT III – Violation of 15 U.S.C.§ 1681s-2(b)
### Against Suncoast Credit Union

67.     Plaintiff re-alleges and incorporates all other factual allegations set forth herein

68.     Suncoast violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes.

69.     Suncoast violated 15 U.S.C. § 1681s-2(b)(1) by failing to review all relevant information provided by the CRAs.

70.     Suncoast violated 15 U.S.C. § 1681s-2(b)(1) by failing to report the results of the investigation of Plaintiff's disputes to the CRAs.

71.     Suncoast violated 15 U.S.C. § 1681s-2(b)(1) by failing to report to the CRAs that its investigation found the disputed information was incomplete or inaccurate

72.     Suncoast violated 15 U.S.C. § 1681s-2(b)(1) by failing to modify, delete, or block information that was found to be inaccurate, incomplete, or unverifiable.

73. Suncoast's failure to comply with 15 U.S.C. § 1681s-2(b) is due to its decision to prioritize making substantial profits over complying with its duties under the FCRA.

74. Consequently, Suncoast has implemented policies and procedures that are inadequate to comply with its duties under the FCRA.

75. Suncoast has performed a cost-benefit analysis of complying with the FCRA and determined that implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for its failures to comply with the FCRA.

76. Suncoast has intentionally adopted incorrect interpretations of the FCRA when developing its policies and procedures for complying with the FCRA because Suncoast determined that the costs of complying with the FCRA would be too costly for its profit objectives.

77. Suncoast has ignored the opinions and holdings of the Circuit Courts of Appeals because Suncoast would lose profits if it adhered to those opinions and holdings.

78. Suncoast is an enormous financial institution with enormous resources and can easily afford to implement policies and procedures that comply with its statutory duties and obligations under the FCRA.

79.    Suncoast's actions were intentional or reckless, both of which amount to a willful violation, rendering Suncoast liable pursuant to 15 U.S.C. § 1681n

80.    Alternatively, Suncoast was negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

81.    As a result of Suncoast's violations, Plaintiff suffered actual damages, including, but not limited to, pecuniary expenses and costs, damage to Plaintiff's credit profile and financial reputation, loss of credit opportunities, emotional distress, and physical manifestations of emotional distress.

82.    Plaintiff is entitled to recover actual damages, statutory damages, attorney's fees and costs from Suncoast pursuant to 15 U.S.C. §§ 1681n and 1681o.

<u>JURY DEMAND AND PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FCRA:

B. Actual damages;

C. Statutory damages;

D. Punitive damages;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o.

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Cortney Walters
Cortney Walters, Esq.
The Law Office of Cortney E. Walters,
PLLC
2719 Hollywood, Suite A-1969, Hollywood,
FL 33020
Florida Bar No. 125159
pleadings@cewlawoffice.com
(954) 874-8022
Lead Attorney